*Ajmeri v. Blanche*
BIA
Thompson, IJ
A041-487-876

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand twenty-six.

PRESENT:

> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> *Circuit Judges.*
> JED S. RAKOFF,
> *District Judge.*\*

_____

RAKESH RASIKLAL AJMERI,

      *Petitioner*,

_____

\* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

v.                                          No. 25-319

TODD BLANCHE, Acting United States
Attorney General,

        *Respondent.*

_____

**For Petitioner:**        JUDY RESNICK, Law Office of Judy Resnick,
                          Far Rockaway, NY.


**For Appellee:**          SPENCER SCHUCARD (Brett A. Shumate,
                          Assistant Attorney General; Keith I.
                          McManus, Assistant Director; Jessica E.
                          Burns, Senior Litigation Counsel, *on the
                          brief*), Office of Immigration Litigation,
                          United States Department of Justice,
                          Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals decision, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the petition for review is **DENIED**.

Rakesh Rasiklal Ajmeri seeks review of a January 23, 2025 decision of the Board of Immigration Appeals ("BIA") affirming a November 19, 2019 decision of an Immigration Judge ("IJ") that (i) found Ajmeri to be ineligible for a waiver of removability under section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c), and (ii) ordered that he be removed. In his petition for review, Ajmeri challenges the BIA's conclusion that he was ineligible for a section 212(c)

waiver, and the basis on which he was initially considered removable under the INA. He also raises constitutional due-process claims. We assume the parties' familiarity with the underlying facts, procedural history, and issues on review, to which we refer only as necessary to explain our decision.

Where, as here, the BIA "[does] not expressly adopt the IJ's decision," but its opinion "closely tracks the IJ's reasoning," we will review both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006) (internal quotation marks omitted). We review the agency's factual findings for substantial evidence, *Xia Fan Huang v. Holder*, 591 F.3d 124, 127 (2d Cir. 2010), and we evaluate questions of law, including constitutional claims, *de novo*, *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009); *Rampersaud v. Barr*, 972 F.3d 55, 59–60 (2d Cir. 2020).

In 1996, Ajmeri, a citizen of India, pleaded guilty to bank fraud in violation of 18 U.S.C. § 1344 in the Eastern District of New York. His judgment of conviction was entered on September 30, 1996. On December 22, 2014, Ajmeri was served with a Notice to Appear, charging him with removability under 8 U.S.C. § 1227(a)(2)(A)(iii) based on his having committed an "aggravated felony" as defined under 8 U.S.C. § 1101(a)(43)(M)(i) (defining the offense as one that

3

"involves fraud or deceit" in which the loss to the victim(s) exceeds $10,000). Ajmeri conceded removability before the IJ and simultaneously sought a waiver of removability under former section 212(c) of the INA. Yet because Congress amended and eventually repealed that section,[1] only individuals who had entered into a plea agreement or otherwise demonstrated reliance prior to these changes remain eligible for its relief. *See I.N.S. v. St. Cyr*, 533 U.S. 289, 326 (2001) (holding that section "212(c) relief remains available for aliens . . . whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for [section] 212(c) relief at the time of their plea under the law then in effect"); *Restrepo v. McElroy*, 269 F.3d 627, 639 (2d Cir. 2004) (discussing other forms of reliance relevant to section 212(c) waiver eligibility). As relevant here, individuals charged with an aggravated felony must have entered into a plea agreement prior to April 24, 1996 to remain eligible, while individuals charged with lesser offenses had until April 1, 1997. 8 C.F.R. § 1212.3. The IJ and BIA determined that Ajmeri was not eligible for section 212(c) relief because he failed to show that he had entered into his plea agreement to an aggravated felony before April 24, 1996. *See In re Rakesh Rasiklal Ajmeri*, No. A041 487 876, at 1 (B.I.A.

---

[1] Repealed in Pub. L. No. 104-208, div. C, title III, § 304(b), Sept. 30, 1996, 110 Stat. 3009–597.

Jan. 23, 2025) (citing *St. Cyr*, 533 U.S. at 326), *aff'g* No. A041 487 876, at 2 (Immigr. Ct. N.Y.C Nov. 19, 2019).

On petition for review, Ajmeri first argues that he was never removable under section 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii), in the first place because the loss to the victims in his case did not exceed $10,000, as required for an aggravated felony. But Ajmeri did not raise this issue before either the IJ or BIA, which means it is unexhausted. And while issue exhaustion is "not jurisdictional," *Santos-Zacaria v. Garland*, 598 U.S. 411, 413 (2023), it *is* mandatory where, as here, the government raises it. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023). We therefore may not review Ajmeri's new challenge to removability because he did not raise this argument before the IJ or include it in his brief to the BIA. *See Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it.").

Ajmeri next argues that the IJ erred in holding that the relevant date by which he needed to prove he had entered into a plea agreement for section 212(c) relief was April 24, 1996, rather than the later date of April 1, 1997. But this

5

contention hinges on Ajmeri's assertion that he did not commit an "aggravated felony" within the meaning of section 1101(a)(43)(M) and is likewise barred by his failure to exhaust. And to the extent that this argument is distinct from Ajmeri's new removability challenge, it too is unexhausted because Ajmeri did not raise it below. In either case, we must dismiss Ajmeri's argument regarding the appropriate cutoff of his plea agreement for section 212(c) relief.

Finally, Ajmeri contends that the IJ and BIA, in determining that he was not eligible for a section 212(c) waiver, "acted in a manner that was contrary to law," violating his due-process rights. Ajmeri Br. at 7. But Ajmeri does not elaborate on this argument, and "[w]e ordinarily decline to consider arguments that are raised in a conclusory fashion or made only in passing." *United States v. Delgado*, 149 F.4th 244, 249 (2d Cir. 2025), *cert. denied*, No. 25-6732, 2026 WL 642823 (U.S. Mar. 9, 2026). And even if we were to consider this challenge, Ajmeri's vague assertions that his "denial of relief from removal was fundamentally unfair" are too conclusory to rise to the level of a colorable constitutional claim. Ajmeri Br. at 22.

\*     \*     \*

We have considered Ajmeri's other arguments and find them to be without merit.  We therefore **DENY** the petition for review.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court